**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ROBERT BETHEL,

        Plaintiff,        :        Case No. 2:20-cv-5275

- vs -

                      District Judge Edmund A. Sargus, Jr.
                      Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
  Chillicothe Correctional Institution, *et al.*,
                                :
        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

Plaintiff Robert Bethel is an inmate Chillicothe Correctional Institution ("CCI"), capitally convicted and housed on death row. Bethel filed this action *pro se* under 42 U.S.C. § 1983. He has sued Timothy Shoop, in his official capacity as Warden of CCI, and Brandie Smith, both in her individual capacity and her official capacity as Lieutenant and Mailroom Supervisor at CCI (Complaint, ECF No. 1, PageID 1, 3, ¶¶ 5-6). This case is before the Court on the Defendants' Motion to Dismiss (Motion, ECF No. 6). On May 24, 2021, the Magistrate Judge issued a Report and Recommendations, recommending that the Motion be denied and that Bethel's First Amendment free speech and retaliation claims be allowed to proceed (Report, ECF No. 14). Bethel (ECF No. 15) and Defendants (ECF No. 16) filed Objections to the Report.

Upon de novo consideration pursuant to Fed.R.Civ.P. 72(b)(3) of those portions of the Report to which substantial objection has been made, the Court ADOPTS the Report. Defendants'

1

Objections are OVERRULED, and Bethel's Objections are OVERRULED AS MOOT. Defendants' Motion is GRANTED as to the official capacity claims against Defendant Smith and DENIED in all other respects. Additionally, Defendants are ORDERED to disclose the proper agency defendant within thirty days.

I. **Legal Standards**

A. **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch,* 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh,* 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 570 (2007). Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions "must be supported by well-pleaded factual allegations ... [that] plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

### B. Objections to Report and Recommendations

A District Judge may, as the undersigned has here, refer a dispositive matter to a Magistrate Judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition[.]" 28 U.S.C. § 636(b)(1)(B).

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

## II. Qualified Immunity

### A. Legal Standard

"The doctrine of qualified immunity shields officials from civil liability 'so long as their

3

conduct does not violate clearly established statutory and constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015), quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Normally, "clearly established law" means binding precedent of United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, "the district court itself, or case law from other circuits which is directly on point." *Barrett v. Harrington,* 130 F.3d 246, 264 (6th Cir. 1997), citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994); *Cameron v. Seitz*, 38 F.3d 264, 272-73 (6th Cir. 1994). For the right to be clearly established, "existing precedent must have placed the statutory or constitutional right question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Qualified "immunity is an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). To establish qualified immunity, the official bears the burden of presenting facts which, if true, would establish that he or she were acting within the scope of his or her discretionary authority. *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991). The burden then shifts to plaintiff to establish that defendant violated a right so clearly established that any official in the position would have clearly understood he or she was under a duty to refrain from such conduct. *Silberstein v. City of Dayton,* 440 F.3d 306, 311 (6th Cir. 2006).

Qualified immunity analysis has two prongs: (1) determining whether the alleged facts, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right; and (2) deciding if the right was clearly established at the time the officer acted. Trial judges may use their sound discretion in deciding which prong of the qualified immunity analysis should be addressed first. *Pearson* 555 U.S. at 232, 236 (citations omitted).

4

B.   **Analysis**

Defendants object that

> Magistrate Judge Merz does not [account] for the fact that none of the Jpay electronic mail items that Plaintiff discusses in his complaint are actually censored, they were simply delayed for processing. Indeed, Plaintiff's allegations do not allege censorship . . . It is Plaintiff's own allegations that show that these electronic mail items were release[d] to [his attorney,] Ms. Troutman.

(Defendant Obj., ECF No. 16, PageID 153-54, citing Compl., ECF No. 1, PageID 15, ¶ 46). As Bethel's electronic mail was merely delayed, rather than censored, Bethel was not actually deprived of a constitutional right, and qualified immunity for Smith is thus appropriate. *Id*. at PageID 154, quoting *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998).

Initially, the Court notes that Defendants are raising the delay versus censorship distinction for the first time in their Objections. In their Motion, they assert that "Plaintiff alleges that on several occasions his electronic mail was *censored and delayed* by Defendant Smith for specific language used in the mail." (ECF No. 6, PageID 71 (emphasis added), citing generally Compl., ECF No. 1). Defendants did not file a reply memorandum, despite being given a Court-ordered deadline by which to do so (Order, ECF No. 13). It is well-established in the Sixth Circuit that

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendations are deemed waived")[.]

*Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). Thus, the Court need not consider this new argument.

5

Further, even if the delay versus censorship argument were not waived, it would still be unavailing. In his Complaint, Bethel *does* allege that both his incoming and outgoing electronic mail was censored (*See, e.g.*, Compl., ECF No. 1, PageID 15, ¶¶ 43-44, 47). The fact that the JPay messages between Bethel and Troutman were eventually released and received does not mean that those messages were not censored. At the motion to dismiss stage, the Court must accept Bethel's representation that they were. Defendants do not object to the portion of the Report stating that any censorship must be "reasonably related to legitimate penological interests" is clearly established law (ECF No. 14, PageID 130 (internal citation omitted)). Nor do they object to the portion holding that censorship for the purpose of obscuring "CCI's allegedly racist behaviors and handling of an inmate suicide" are not legitimate penological interests. *Id*. at PageID 131, citing Compl., ECF No. 1, PageID 11, 15, ¶¶ 32-35, 45. Accordingly, Defendants' objections are not well-taken, and Smith shall not be granted qualified immunity at this stage.

### III. First Amendment

#### A. Free speech claim

Defendants object that "[t]here is nothing in the Ohio Administrative Code, nor is there any allegation about Defendants' conduct, that prevented Plaintiff from continuing to communicate with his counsel via paper mail." Rather, it was that Troutman wanted Bethel to communicate with her via electronic mail (Defendant Obj., ECF No. 16, PageID 154-55, citing Compl., ECF No. 1, PageID 9, ¶ 28). "As O.A.C. 5120-9-18 states, incarcerated adults have no limitation on the number of letters they send and Plaintiff does not allege that he was prevented from sending or receiving any paper letters in his complaint." Defendants argue that since Plaintiff was not deprived of his right to communicate, there is no First Amendment deprivation. *Id*., citing

6

*Hafer v. Melo*, 502 U.S. 21, 25 (1991). Defendants again misapprehend the gravamen of Bethel's First Amendment claim, which is that his speech was improperly censored. For the reasons set forth in the Report (ECF No. 14, PageID 130-31) and *supra* in Section II.B, Bethel has set forth a viable First Amendment free speech claim, and Defendants' Motion is denied as to that claim.

### B. Retaliation claim

Defendants do not object to the portion of the Report concluding that Bethel had set forth a plausible First Amendment retaliation claim (ECF No. 14, PageID 131-32), and this claim will be allowed to proceed.

## IV. Proper party for injunctive relief

There is significant uncertainty as to the identity of the proper party for injunctive relief. In their Motion, Defendants state that the Ohio Department of Rehabilitation and Corrections ("ODRC") is the agency subject to the prayed-for relief, rather than CCI (Motion, ECF No. 6, PageID 81). "Moreover, the relevant regulation that governs the mail, including electronic mail, is O.A.C. [Ohio Administrative Code §] 5120-9-18, not an ODRC rule or regulation." *Id*. In the Report, the Magistrate Judge set forth the possibility of Shoop as the proper defendant, to the extent that the claim is directed to CCI specifically, or ODRC Director Annette Chambers-Smith, to the extent that the claim is actually directed at ODRC (ECF No. 14, PageID 133). Further, the Magistrate Judge stated that substituting Shoop for Chambers-Smith would relate back to the filing of the Complaint for statute of limitations purposes. *Id*., citing FED.R.CIV.P. 15(c)(1)(C). In their Objections, however, Defendants now argue that "Director Chambers Smith [*sic*] is also the incorrect party." (ECF No. 16, PageID 156). Further, because there is no reason to believe that

7

the entity that promulgated the regulation—still not identified by Defendants—"knew or should have known about this complaint. Thus, Plaintiff's potential amendment would not relate back under Fed. Civ. R. 15(c)(1)(C)." *Id*. Bethel, meanwhile, objects only to the Court's suggestion that any party need be substituted (Bethel Obj., ECF No. 15, PageID 144). As Bethel seeks only to enjoin CCI from continuing its *unwritten* practice of improperly censoring mail, he claims that he need only name Shoop, as the CCI Warden, in his official capacity, to obtain the sought-after injunctive relief. *Id*. at PageID 144-45, citing *Williams v. Wilkinson*, 132 F. Supp. 2d 601, 603-04 (S.D. Ohio 2001) (Marbley, J.).

One issue is whether Chambers-Smith, as the ODRC Director, would be the proper party for a prayer for injunctive relief against ODRC. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Defendants do not identify the agency responsible for promulgating Ohio Admin. Code § 5120-9-18. As Bethel does not wish to substitute any party for Shoop, there will be no party substituted in. However, since the injunctive relief prayed for applies to CCI as a whole, Shoop, and not Smith, is the proper party. Accordingly, Bethel's official capacity claims are dismissed against Smith, and the official capacity claim against Shoop may proceed. If Shoop is not the proper party, then Defendants are ORDERED to disclose to Bethel and the Court the proper party within thirty days of entry of this Order.

V.  **Conclusion**

For the foregoing reasons, the Report (ECF No. 14) is ADOPTED, Defendants' Objections (ECF No. 16) are OVERRULED, and Bethel's Objections (ECF No. 15) are OVERRULED as moot. Defendants' Motion to Dismiss (ECF No. 6) is GRANTED as to the official capacity claims against Defendant Smith and DENIED in all other respects. Defendants are further ORDERED to

disclose the proper entity to be sued for Bethel's prayed-for injunctive relief, if any, within thirty days.

July 9, 2021.

<u>s/ Edmund A. Sargus, Jr.</u>  
United States District Judge