IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

    Plaintiff

  v.

BRANDIE SMITH, *et al.*,

    Defendants.

Case No. 2:20-cv-5275

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This *pro se* § 1983 case is before the Court on Defendants' Motion to Reopen Discovery (ECF No. 41) which Plaintiff opposes (ECF No. 42).

On October 4, 2021, the undersigned filed a Report and Recommendation (ECF No. 27) on Plaintiff's Motion for Summary Judgment (ECF No. 22). After objections by both parties, District Judge Sargus recommitted the Motion (ECF No. 39) and a Supplemental Report was filed only on February 28, 2022 (ECF No. 43). The Motion for Summary Judgment is not yet ripe for decision in that Plaintiff has not yet filed objections, but has just obtained an extension of time in which to do so (ECF No. 47). The summary judgment motion thus will not be ripe for decision by Judge Sargus for some time. Granting a limited amount of additional time for discovery will not significantly delay the trial of this case.

Plaintiff argues the Defendants cannot be granted an extension of time to complete discovery because they violated the Court's prior discovery cut-off (Motion in Opp., ECF No. 42, citing *Dowling v. The Cleveland Clinic Foundation,* 593 F.3d 472 (6th Cir. 2010)). *Dowling*

makes it clear that the question of whether to allow additional discovery after a discovery cut-off has expired is committed to the sound discretion of the trial court. Recitation of facts in Judge Martin's opinion in *Dowling* note several ways in which the Dowlings' counsel was dilatory in pursuing discovery. Although Defendants' request for discovery is being made a number of months after the originally set discovery cut-off, the extension is not inordinate, nor is the scope of discovery being sought by Defendants.

Defendants first seek documents relevant to ODRC email communication policies. Plaintiff insists he has none and that these are all in the possession of Defendants. If that be the case, there will be very little burden on Plaintiff to embody that position in a formal response to a formal document request from Defendants.

Defendants also seek to depose the Plaintiff. He responds

> Regarding the sought deposition testimony of the plaintiff (id.), defendants' fail to explain how such testimony would be relevant and not cumulative in light of plaintiff's sworn Declaration testimony (EOF 22-1, Page ID 215-217), and supporting exhibits plaintiff has already submitted into the summary judgment record (id. at Page ID 213-214, 220-251).

(ECF No. 42, PageID 362). This response shows a misunderstanding of the Federal Rules of Evidence. While Plaintiff is entitled to rely on his Declaration to support his summary judgment motion, such a declaration is hearsay[1] and cannot be admitted in evidence at trial. While Plaintiff will be able to testify live at trial about as much of the Declaration as is otherwise admissible, Defendants will have the right to cross-examine him. One of the fundamental uses of discovery is to obtain the sworn testimony of a party before trial. Plaintiff is correct that his deposition testimony itself will be hearsay and therefore will be admissible at trial only if it contains

---

[1] Hearsay is an out-of-court statement offered in court to prove the truth of the content of the statement. Fed. R. Evid. 801(c). Hearsay is not admissible in evidence. Fed. R. Evid. 802.

statements inconsistent with trial testimony.  Fed.  R.  Evid.  804.  But getting parties committed under oath to a particular set of facts is a principal purpose of discovery.

Accordingly, Defendants' Motion to Reopen Discovery is GRANTED.  New discovery cut-off, dispositive motions deadline, and a trial schedule will be set after decision on the pending summary judgment motion.

March 9, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge