UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT BETHEL,**

    **Plaintiff,**

    v.

**WARDEN CHILLICOTHE
CORRECTIONAL INSTITUTION,** *et al.***,**

    **Defendants.**

Case No. 2:20-cv-5275
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Michael R. Merz**

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued on February 28, 2022. The Magistrate Judge recommends that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant Smith qualified immunity. (ECF No. 43.) For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, and **DENIES** Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

This case arises out of Defendants censoring Plaintiff Robert Bethel's electronic mail at the Chillicothe Correctional Institution ("CCI"), where he is an inmate. In July 2020, Plaintiff attempted to send his aunt and attorney nine emails that called CCI staff members "racist assholes," supporters of the Ku Klux Klan, and "real gangsters." (Ex. 4, ECF No. 22-1.) Plaintiff was notified that his emails were being censored for, among other reasons, "[u]se of racial slur words and wrongful allegations of CCI staff." (Ex. 5, ECF No. 22-1.)

On July 19, 2020, Defendant Smith, the mailroom supervisor, issued Plaintiff a conduct report for "[d]isrespect to an officer, staff member, visitor or other inmate; Any violation of any

1

published Institutional rules, regulations or procedures." (Ex. 7, ECF No. 22-1.) Smith stated that: "[Mr. Bethel] continues to make false allegations against CCI staff and appears to be 'testing' the JPay rules and regulations on what will be censored or sent to security." (*Id.*) JPay is the prison email system. Plaintiff was eventually suspended from using JPay for thirty days. (Bethel Decl. ¶ 17, ECF No. 22-1.) After that, Plaintiff resumed using JPay but ceased criticizing CCI staff in messages. His nine emails were sent without redaction to his attorney on July 29, 2020. (Ex. 6, ECF No. 22-1.)

Plaintiff filed this action on October 8, 2020, claiming that Smith and CCI Warden Timothy Shoop violated his First Amendment right to free speech by improperly censoring his email and retaliated against him for exercising his rights. Plaintiff filed a motion for summary judgment on August 6, 2021. (ECF No. 22.) The Magistrate Judge issued a Report and Recommendation recommending that the motion be denied and the matter proceed to trial. (ECF No. 27.) After the Plaintiff raised new arguments in his Objection (ECF No. 34), the matter was recommitted to the Magistrate Judge for further analysis (ECF No. 39). The Magistrate Judge issued a new Report and Recommendation on February 28, 2022, (R.&R., ECF No. 43), and Plaintiff objected (Pl.'s Obj., ECF No. 49).

## II.  STANDARD OF REVIEW

The district court reviews objections to a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1). Objections to a report and recommendation "must be clear enough to enable to the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to

2

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("The requirement that a dispute be 'genuine' means that there must be more than some metaphysical doubt as to the material facts.").

### III. ANALYSIS

Plaintiff asserts a § 1983 claim against Defendants for violating his First Amendment right to free speech. He also asserts a retaliation claim. After reviewing Plaintiff's objections *de novo*, the Court agrees with the Magistrate Judge's recommendation to grant Defendant Smith qualified immunity and deny Plaintiff's motion for summary judgment.

#### A. First Amendment Claims

In general, a prison official's censorship of an inmate's outgoing mail may violate the inmate's First Amendment right to free speech. *Procunier v. Martinez*, 416 U.S. 396, 414

3

(1974); *Thornburgh v. Abbott*, 490 U.S. 401 (1989). The First Amendment itself does not grant a private right of action but a plaintiff may assert his claim under 42 U.S.C. § 1983. To establish a § 1983 claim, the plaintiff must allege that a person acting under the color of state law deprived him of a constitutional right. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first determines whether there was a deprivation of a constitutional right. *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("in any action under §1983, the first step is to identify the exact contours of the underlying right said to have been violated"). As the Magistrate Judge concludes, there is no constitutional right at issue in this case because sending uncensored electronic mail from prison that contains vulgar language about prison staff is not protected by the First Amendment. *See Bristow v. Amber*, No. 2:12-cv-412, 2012 WL 1963577, at *2 (S.D. Ohio May 31, 2012) (dismissing a plaintiff's first amendment claim because the prison did not violate his constitutional rights by refusing to send his emails); *Benning v. Dozier*, No. 5:18-cv-87, 2021 WL 1713333, at *5 (M.D. Georgia April 30, 2021) (finding that sending uncensored emails from prison is not a constitutional right because plaintiffs have a right to access to communication, not a right to uncensored access to a specific form of communication such as email"); *Leonard v. Nix*, 55 F.3d 370, 376 (8th Cir. 1995) ("defamatory comments that are directed at the warden and prison staff through the guise of [legitimate outgoing] communication properly subject the prisoner to discipline to preserve the prison's penological interest in order, and that [prisoner's] discipline does not violate the First Amendment.").

Plaintiff argues that since the prison provided access to electronic mail, it became protected conduct under the First Amendment. (Pl.'s Obj. at 7.) His authority in support of this contention, however, does not relate to electronic mail. Instead, Plaintiff cites cases where prisons completely blocked an inmate's communication or censored an inmate's written mail. Inmates do not have a

4

constitutional right to access email. *See, e.g.*, *Bristow*, 2012 WL 1963577, at *2 (dismissing an inmate's first amendment claim because he did not have a constitutional right to send emails via JPay); *Edington v. Warden of FCI Elkton*, No. 4:14-cv-2387, 2015 WL 1843240, at *3 (N.D. Ohio April 22, 2015); *Miles v. Scanlon*, No. 1:21-cv-74, 2021 WL 1809834, at *5 (W.D. Mich. May 6, 2021); *see Freeman v. Benson*, 2017 WL 5731295, at *10–11 (D. Kansas Nov. 28, 2017). In the case at hand, Defendants did not preclude Plaintiff from communicating at all or even from communicating by email. Defendants simply censored and delayed nine emails. Plaintiff does not assert an actionable First Amendment claim because there is not constitutional right to sending uncensored emails containing vulgar language about prison staff. Therefore, Plaintiff is not entitled to summary judgment on his free speech claim.

Plaintiff is also not entitled to summary judgment on his retaliation claim because he has not established that Defendants violated his constitutional rights. "If there is no exercise of First Amendment rights, there can be no retaliation based on the exercise of First Amendment rights." *Bristow*, 2012 WL 1963577, at *3 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

**B. Qualified Immunity**

A government official is "entitled to qualified immunity on summary judgment unless the facts. . . .would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). A right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The fundamental inquiry is whether public officials are "on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation omitted). In other

5

words, "the unlawfulness must be apparent." *Id.* A district court has discretion to decide whether there was a constitutional violation and a violation of clearly established law. *Id.*

As the Magistrate Judge concluded and this Court affirmed above, Plaintiff does not have a constitutional right to non-interference with electronic mail containing vulgar language about prison staff. Even if there is a constitutional right, it is not clearly established. *See Freeman v. Benson*, 2017 WL 5731295, at *10–11 (granting qualified immunity to prison staff for censoring a prisoner's emails containing vulgar and derogatory language about prison staff because there is not a clearly established right to non-interference with outgoing emails). Thus, Defendant Smith is entitled to qualified immunity.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's Objections, **DISMISSES** the first Report and Recommendation as moot (ECF No. 27), **ADOPTS** the Second Report and Recommendation (ECF No. 43), and **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 22). Defendant Smith is dismissed with prejudice from the case. This case remains open.

**IT IS SO ORDERED.**

**3/22/2022**                           *s/Edmund A. Sargus, Jr.*
**DATE**                                 **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**