UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT W. BETHEL,

      **Plaintiff,**                                   Case No. 2:20-cv-5275
                                                       JUDGE EDMUND A. SARGUS, JR.
    v.                                                          Magistrate Judge Kimberly A. Jolson

**WARDEN CHILLICOTHE**
**CORRECTIONAL INSTITUTION,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert W. Bethel's Motion to Reconsider Entry of Voluntary Dismissal against the Plaintiff (ECF No. 67) and Motion to Reconsider Denial of Sua Sponte Entry of Summary Judgment Against Plaintiff (ECF No. 65). For the following reasons, Bethel's Motion to Reconsider Entry of Voluntary Dismissal against the Plaintiff is **GRANTED** and Bethel's Motion to Reconsider Denial of Sua Sponte Entry of Summary Judgment Against Plaintiff is **DENIED**.

At the outset, the Court recognizes that its prior holdings have, in effect, dismissed Bethel's complaint. Bethel recognizes this as well, which is why he has now communicated with the Court his desire to pursue this matter before the Sixth Circuit. The Court does not wish to stand in his way, but it cannot step aside unless and until Bethel complies with the appropriate procedures. While cognizant that Bethel is the master of his claims, the Court nonetheless suggests that he seek a *Raceway* dismissal with this Court. *See Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656 (6th Cir. 1980). Such an order, explained in further detail below, allows Bethel to expedite appellate review of an order having the effect of dismissing his complaint.

1

##   I.      Relevant Background

This case arises out of Defendants' censorship of Plaintiff Robert Bethel's electronic mail at the Chillicothe Correctional Institution ("CCI"), where Bethel is a capital inmate. (ECF No. 50.)

On August 6, 2021, Plaintiff, proceeding *pro se*, moved for summary judgment, claiming that Defendants Smith and CCI Warden Timothy Shoop violated his First Amendment right to free speech by unconstitutionally censoring his outgoing email and retaliating against him for exercising his rights. (ECF No. 22; *see also* Compl., ECF No. 1.) The Magistrate Judge screened Bethel's motion and recommended that the Court deny Bethel's motion and grant Defendant Smith qualified immunity. (ECF No. 43.) On March 22, 2022, the Court adopted the Magistrate Judge's Report and Recommendation. (ECF No. 50.)

Following the Court's adoption of the Magistrate Judge's Report and Recommendation, Bethel filed a Motion for Reconsideration. (ECF No. 59.) In his motion, Bethel asked the Court to reconsider both the denial of his summary judgment motion and the granting of Defendant Smith qualified immunity.

On December 5, 2022, the Court denied Bethel's motion. (ECF No. 62.) In doing so, the Court reiterated its earlier holding that "Bethel does not have a constitutional right to send uncensored email from prison containing vulgar language about prison staff." (*Id.* (citing March 22, 2022 Order at 5, ECF No. 50).) The Court noted further that, because Bethel does not have a First Amendment right to the non-interference of his email communications, Defendant Smith is entitled to qualified immunity. (*Id.* at 9.) The Court concluded its decision by acknowledging that its findings undermined the viability of Bethel's claims. (*Id.*) However, the Court declined to enter summary judgment *sua sponte* in favor of Defendants because (1) Bethel was not on notice that his claims could face dismissal, (2) the Court was uncertain whether Bethel had a full opportunity

to present all relevant facts in support of his claims, and (3) Defendants did not move for summary judgment. (*Id.* at 9–10, n.2 (citing *Milner v. Biggs*, No. 2:10-cv-904, 2012 U.S. Dist. LEXIS 48824, at *46 (S.D. Ohio Apr. 6, 2012).)

Following the December 5, 2022 Order, Plaintiff filed a motion for reconsideration. (ECF No. 65.) The Court construed this motion as a request for voluntary dismissal with prejudice. (ECF No. 66 at 1.) In Bethel's most recent filing, Bethel clarifies that he does *not* want the Court to issue a voluntary dismissal with prejudice; rather, Bethel requests that the Court reconsider its December 5, 2022 Order declining to enter summary judgment in favor of Defendants *sua sponte*. (ECF No. 67 at 1–2.)[1]

## II.     Legal Standard

A district court has "inherent power to reconsider interlocutory orders," and "may modify, or even rescind, such interlocutory orders." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004). Motions for reconsideration are "[g]enerally . . . only warranted when there is . . . a need to correct a clear error or prevent manifest injustice." *Ne. Ohio Coalition for Homeless v. Brunner*, 652 F.Supp.2d 871, 877 (S.D. Ohio 2009) (quoting *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004)). Moreover, to discourage the filing of endless motions for reconsideration and in the interest of "grant[ing] some measure of finality even to interlocutory orders . . . courts should grant motions for reconsideration sparingly" and "only if the prior decision appears clearly to be legally or factually erroneous." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-cv-0745, 2009 U.S. Dist. LEXIS 120011, at *4 (S.D. Ohio Dec. 22, 2009).

---

[1] Bethel has subsequently filed two motions premised on the assumption that the Court has already entered an order dismissing this case. (ECF Nos. 68, 69.) Because the Court has not done so, these motions are **DENIED as MOOT**.

3

### III. Analysis

Bethel's pending motion establishes that the Court's February 1, 2023 Order relied on a "factually erroneous" interpretation of Bethel's January 11, 2023 motion. *See Blackwell*, 2009 U.S. Dist. LEXIS 120011, at *4. The Court construed Bethel's January 11, 2023 motion as a request for voluntary dismissal with prejudice; however, Bethel has since clarified that he instead sought reconsideration of the Court's decision declining to enter summary judgment *sua sponte* in favor of Defendants:

> Plaintiff's intention in his motion for reconsideration was simply to obtain the ability to appeal the issue of whether the First Amendment applies to electronic mail; by asserting that this Court could have, and should have, *sua sponte* entered summary judgment against the plaintiff (ECF 65, pages 1-2), which this Court contemplated in its December 5th Order, but did not do (ECF 62, Page ID 479 n. 2).

(ECF No. 67 at 2.) Given Bethel's clarification, the Court will *not* construe his January 1, 2023 motion as a request for voluntary dismissal; to do otherwise would contravene the interests of justice. *See Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) (suggesting that a voluntary dismissal should be a "'free, calculated, and deliberate' choice") (quoting *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987)). Instead, the Court will construe Bethel's January 1, 2023 motion as a motion to "reconsider entering summary judgment *sua sponte* against the Plaintiff." (ECF No. 65 at 1.) Accordingly, the Court **GRANTS** Bethel's February 16, 2023 motion. (ECF No. 67.)

Armed with the proper understanding of Bethel's January 11, 2023 motion, the Court will now consider whether the Court's decision declining to enter summary judgment against Plaintiff and in favor of Defendants was either "legally or factually erroneous." *See Blackwell*, 2009 U.S. Dist. LEXIS 120011, at *4. It was not.

The practice of entering summary judgment *sua sponte* is "disfavored." *Turcar, LLC v. IRS*, 451 Fed. App'x. 509, 513 (6th Cir. 2011) (citing *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000)). This does not mean, however, that *sua sponte* entry of judgment is forbidden; indeed, "in certain limited circumstances," a district court may exercise its discretion to do so. *Id.* In determining whether such circumstances exist, courts consider "whether the prevailing party moved for summary judgment, whether the losing party moved for summary; what issues the parties focused on in their briefs; what factual materials the parties submitted to the court; and whether motions were filed by co-defendants." *Turcar*, 451 Fed. App'x. at 513. But the "key inquiry" in this evaluation is "whether the losing party was on notice that he had to muster the necessary facts to withstand summary judgment, lest he face the dismissal of his claims." *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 Fed. App'x. 953, 959 (6th Cir. 2007 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) and *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005)).

Here, the Court declined *sua sponte* entry of summary judgment in favor of Defendants on three grounds: (1) Bethel lacked notice that his claims could face dismissal, (2) the record did not establish that Bethel had a full opportunity to marshal all relevant facts in support of his claims, and (3) Defendants did not move for summary judgment. (Dec. 5, 2022 Order at 9-10, n.2, ECF No. 65.) When considering these grounds, which overlap with several of the considerations articulated by the Sixth Circuit, *see Turcar*, 451 Fed. App'x. at 513, this Court opted to exercise judicial restraint by declining to enter summary judgment in favor of the non-moving party—*i.e.*, Defendants.

Following this Order, Bethel communicated to the Court that summary judgment in favor of Defendants is appropriate because, when Bethel moved for summary judgment, he provided the

5

Court with "all exhibits and evidence" for his claims, and if Defendants had similarly moved, he "could not produce any additional evidence to place any material facts in dispute . . . ." (ECF No. 65 at 2.) Thus, "Plaintiff cannot demonstrate prejudice by the Court's *sua sponte* entry of summary judgment against him[.]" (*Id.*) At most, this indicates that the Court *could* have entered *sua sponte* summary judgment in favor of Defendants; it does not establish that the Court was *required* to do so. Indeed, Bethel fails to direct the Court to any authority requiring the Court, unprompted, to enter summary judgment in favor of a non-moving party. Accordingly, the Court's decision declining to enter *sua sponte* summary judgment in favor of Defendants was neither "legally" nor "factually erroneous." *See Blackwell*, 2009 U.S. Dist. LEXIS 120011, at *4. Bethel's January 11, 2023 motion is **DENIED**. (ECF No. 65.)

The Court is not deaf to the reality of this case—*pro se* advocacy is riddled with procedural and substantive landmines for the unwary. This is why, for example, district courts must administer the *Faretta* inquiry when a criminal defendant wishes to proceed without counsel. *See Faretta v. California*, 422 U.S. 806, 819 (1975) (While "a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open"). This, of course, is a civil case in which Bethel has no constitutional right to counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). With that being said, the Court recognizes Bethel's goal—to litigate his claim before the Sixth Circuit—and suggests a course of action that will take him to his preferred destination: **a *Raceway* dismissal**. *See Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656 (6th Cir. 1980).

6

A *Raceway* dismissal is an exception to the general rule that neither party may appeal from a voluntary dismissal. To fall within this exception, the dismissal must be (1) with prejudice and (2) "designed only to expedite review of an order which had in effect dismissed appellant's complaint." *Id.* at 657. Bethel falls squarely within this exception. As stated in his February 1, 2022 motion, Bethel recognizes that the Court's December 5, 2022 Order held that he "does not have a First Amendment entitlement to use of the electronic mail medium," rendering him "unable to prevail on his retaliation claim[.]" (ECF No. 66.) Given that his claims rest on a finding that he *does* have a First Amendment right to the non-interference of his email communications, Bethel seeks to "expedite review" of this Court's holding. (*See* ECF No. 67 at 2 ("It is . . . Plaintiff's intention to appeal this Court's finding that the First Amendment does not apply to electronic mail to the Sixth Circuit Court of Appeals.").) As such, the Court suggests that Bethel consider filing with this Court a request for dismissal *with prejudice*, that makes Bethel's intention to appeal pursuant to *Raceway* "known to the court and opposing parties." *Innovation Ventures, LLC v. Custom Nutrition Labs, LLC*, 912 F.3d 316, 332 (6th Cir. 2018) (quoting *Laczay v. Ross Adhesives, Div. of Conros Corp.*, 855 F.2d 351, 354 (6th Cir. 1988)).

## IV. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

- Bethel's January 11, 2023 motion is **DENIED** (ECF No. 65);
- Bethel's February 16, 2023 motion is **GRANTED** (ECF No. 67); and
- Bethel's February 21, 2023 motions are **DENIED as MOOT** (ECF Nos. 68, 69).

This case shall remain open.

7

**IT IS SO ORDERED.**

**2/27/2023**　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**